**Richard BEISER, Plaintiff,**

v.

**Judy SMITH, Warden, Defendant.**

**No. 97–C–1366.**

United States District Court, E.D. Wisconsin.

May 8, 1998.

---

Richard Beiser, pro se.

Gregory M. Posner–Weber, Asst. Atty. Gen., Madison, WI, for Defendant.

## OPINION AND ORDER

CURRAN, District Judge.

Richard Beiser has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that his incarceration is in violation of the Constitution and laws of the United States. On May 2, 1995, Beiser pleaded guilty to two counts of delivering cocaine pursuant to a plea agreement by which the charge that the Defendant was a repeat offender was dismissed, although the judge was permitted to consider it for sentencing purposes. At the sentencing hearing conducted on July 29, 1995, the prosecution argued for a period of incarceration of 25 years, to be followed by a consecutive period of probation. The defense counsel urged the court to not impose a sentence in excess of 10 years but agreed that consecutive probation would be appropriate. The court sentenced Beiser to an indeterminate period of incarceration of not more than 12 years, followed by a 6 year consecutive sentence which was then stayed. The 12 year sentence was to be followed by a period of probation of 10 years. Beiser appealed the sentence and his appellate counsel filed a no merit brief pursuant to section 809.32 Wis. Stats. and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Beiser filed a response to the no merit report and on October 2, 1996, the Wisconsin Court of Appeals affirmed the judgment of conviction. The Wisconsin Supreme Court denied a petition for review.

In its per curiam decision, the appellate court considered the issues of whether the plea lacked an adequate factual basis, of whether trial counsel was ineffective in failing to pursue an entrapment defense, of whether the prosecutor committed misconduct at the sentencing hearing, and whether the sentence was excessive. Significantly, the court rejected Beiser's argument regarding entrapment, finding inherently incredible Beiser's argument that the confidential informant contacted him 200 times in an unsuccessful attempt to obtain drugs. Adding weight to this conclusion was Beiser's failure to raise this issue at the change of plea hearing or the sentencing hearing. Beiser himself was not silent at the sentencing hearing but spoke at great length concerning mitigating factors which the court could consider. Finally, the court found that even if

at trial Beiser was able to show that he was induced by the informant to commit the crime, the prosecutor would easily have been able to negate the defense by showing Beiser's predisposition, mainly consisting of Beiser's prior drug convictions and lengthy criminal record.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, the habeas statute, 28 U.S.C. § 2254, requires federal courts to give greater deference to the determinations made by state courts than they were required to do under previous law. *Emerson v. Gramley*, 91 F.3d 898, 900 (7th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1260, 137 L.Ed.2d 339 (1997). Specifically, the new section 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). Thus, a petitioner seeking a writ of habeas corpus "must show that the state court's decision was contrary to clearly established case law by the Supreme Court or, alternatively, that the state court's decision was an unreasonable application of Supreme Court case law," *Bocian v. Godinez*, 101 F.3d 465, 471 (7th Cir.1996). In this case the factual findings of the state court did not involve an unreasonable application of clearly established federal law nor did it result in a decision that was based on an unreasonable determination of the facts.

Besier next claims that he did not receive a prompt judicial determination of probable cause which is a prerequisite to any extended restraint after warrantless arrest, in violation of *Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). This issue was not raised before the state court and he has thus procedurally defaulted on this claim. Even if, however, the court should apply a cause and prejudice analysis, this claim must fail since Beiser alleges that after he was arrested he was released back in the community after which he was rearrested. On the facts before the court I cannot find a violation of *Riverside v. McLaughlin*. Finally, the court finds that the claims which Beiser has asserted are not cognizable in a habeas petition because he pleaded guilty to the charges. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of Constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Although Beiser is clearly dissatisfied with the sentence he received, it was in fact a legal sentence. Accordingly,

IT IS ORDERED that the petition of Richard Beiser for a writ of habeas corpus IS DENIED.

IT IS FURTHER ORDERED that the Clerk of Court enter final judgment dismissing the petition.